UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| NASEEM KHAYYATA,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN, FPC YANKTON;<br><br>Respondent. | 4:26-CV-04009-RAL<br><br>OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IN PART, SUSTAINING OBJECTION, AND GRANTING RESPONDENT'S MOTION TO DISMISS |

Petitioner Naseem Khayyata filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. Khayyata's Petition has three grounds for relief and seeks an order directing Respondent Warden FPC Yankton to (1) apply prospective First Step Act (FSA) credits to his sentence, (2) stack FSA and Second Chance Act (SCA) credits sequentially, and (3) prohibit arbitrary and capricious conduct. Id. at 5–7. The Respondent filed a Motion to Dismiss, asserting that this Court lacks subject matter jurisdiction over the contentions in the petition. Doc. 6. The petition and motion were referred to a United States magistrate judge under 28 U.S.C. § 636(b)(1)(B) and D.S.D. Civ. LR 72.1 for a recommendation on disposition. The magistrate judge filed a Report and Recommendation, Doc. 10, to grant Respondent's motion to dismiss as to Grounds One and Three but deny the motion as to Ground Two. Respondent timely filed an Objection to the Report and Recommendation. Doc. 11. For the reasons explained below, this Court sustains Respondent's Objection, Doc. 11, adopts the magistrate judge's Report and

Recommendation, Doc. 10, as to dismissal of Ground One and Ground Three, and grants Respondent's Motion to Dismiss, Doc. 6.

## I. Background

On August 23, 2023, Khayyata was sentenced to 155 months of imprisonment followed by three years of supervised release. Doc. 1 at 2; Doc. 8 at 2. Khayyata arrived at his first designated Bureau of Prisons (BOP) facility on October 12, 2023. Doc. 8 at 2. Khayyata became eligible to earn FSA credits once he arrived at his first prison assignment. Id. at 6. As of February 17, 2026, Khayyata had earned 390 FSA credits. Id. at 7. Respondent has credited 365 of those FSA credits toward Khayyata's early release and the remaining 25 toward prerelease custody in a residential reentry center (RRC) or home confinement. Id.

Khayyata's first ground for relief in his petition contends that Respondent has failed to project and apply his future FSA credits. Doc. 1 at 7. In his second ground for relief, Khayyata asserts that Respondent has failed to sequentially stack his FSA and SCA credits as required by statute. Id. Khayyata contends that if Respondent properly applied his FSA credits and stacked those credits with his SCA credits, he should have been transferred to prerelease custody on August 14, 2025.[1] Id. at 7–8. Khayyata's third ground asserts that the BOP acted arbitrarily and capriciously under the Administrative Procedures Act. Id. at 7.

Respondent filed a Motion to Dismiss, Doc. 6, asserting that this Court lacks subject matter jurisdiction over Khayyata's claims. Specifically, Respondent argues that because Khayyata's Petition does not challenge the duration of his detention or the validity of his conviction, there is no subject matter jurisdiction over it. Doc. 7 at 4–6. Respondent argues that Khayyata's Petition

---

[1] Respondents have an altogether different calculation, noting that his SCA credits likely will be reviewed between March and May of 2027, when Khayyata has 17 to 19 months left on his sentence. Doc. 7 at 3–4.

seeks to attack the place of his confinement, an issue which Respondent argues is outside of a federal court's jurisdiction in considering a § 2241 petition. Id. at 4-5.

The magistrate judge recommended dismissing Grounds One and Three of the Petition for failure to state a claim. Doc. 10 at 3, 9. The magistrate judge, however, recommended denying Respondent's Motion to Dismiss as to Ground Two. Id. at 8–9. The magistrate judge, writing in March of 2026, did not have the benefit of the June 30, 2026, decision of the United States Court of Appeals for the Eighth Circuit in Osorio-Calderon v. Warden, FCI Sandstone, 179 F.4th 1158 (8th Cir. 2026), which supports dismissing this case in full. Respondent objects to the magistrate judge's recommendation not to dismiss Ground Two. Doc. 11 at 4–8.

## II. Standard of Review

This Court reviews a report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1), which provides in relevant part that "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." However, absent an objection, the district court is not obliged "to give any more consideration to the magistrate's report than the court considers appropriate." Thomas v. Arn, 474 U.S. 140, 150 (1985).

## III. Discussion

Neither Khayyata nor Respondent have objected to the magistrate judge's recommended dismissal of Grounds One and Three for failure to state a claim, and the fourteen days for doing so have now passed. Accordingly, this Court adopts that portion of the Report and Recommendation, Doc. 10, and dismisses Ground One and Ground Three for failure to state a claim.

Khayyata's second ground for relief seeks review of the BOP's application of § 3624 to his FSA and SCA credit calculations. Doc. 1 at 7–8. Under 18 U.S.C. § 3624(b)(1), eligible prisoners "may receive credit toward the service of the prisoner's sentence, of up to 54 days for each year of the prisoner's sentence imposed." The first 365 days of credits are applied to reduce the prisoner's sentence. 18 U.S.C. § 3624(g)(3). Under 18 U.S.C. § 3632(d)(4)(C), time credits in excess of 365 "shall be applied toward time in prerelease custody or supervised release," and the BOP "shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release." Khayyata relies on section 3632's use of the word "shall" to argue that the BOP must transfer him to prerelease custody immediately. Doc. 1 at 5–6.

In determining that this Court has jurisdiction over such a claim, the magistrate judge reasoned that Eighth Circuit precedents precluding "conditions of confinement" claims—Spencer v. Haynes, 774 F.3d 467 (8th Cir. 2014), and Kruger v. Erickson, 77 F.3d 1071 (8th Cir. 1996)—were decided prior to the enactment of the FSA. Doc. 10 at 8. The magistrate judge concluded that the FSA's mandate in applying FSA credits and transferring eligible prisoners to prerelease custody distinguishes Khayyata's claim in Ground Two from both Spencer and Kruger. Id. The magistrate judge also noted the Eighth Circuit's decision in Fortner v. Eischen, 170 F.4th 655 (8th Cir. 2026). The Fortner decision "acknowledged the long-standing circuit split on the issue of whether habeas relief is a proper vehicle for cases where the length of a prisoner's sentence would not be affected by granting relief, but the prisoner would be detained at a different location with better conditions." Doc. 10 at 5–6 (cleaned up and citation omitted). The magistrate judge observed that the Fortner court did not dismiss the issue summarily and that some district courts within the Eighth Circuit had found subject matter jurisdiction over such a claim. Id. at 7.

Since the Report and Recommendation was filed, the Eighth Circuit issued its decision in Osorio-Calderon, 179 F.4th at 1158, foreclosing the relief Khayyata seeks. In Osorio-Calderon, a prisoner accumulated 1,095 days of time credits, of which 365 days were applied to advance his projected release date and the remaining 730 days were applied toward time in prerelease custody. Id. at 1162. Although the prisoner became eligible for prerelease custody in July 2024, he remained incarcerated well into 2026. Id. The prisoner unsuccessfully pursued administrative relief and subsequently filed a habeas action in district court. Id. The prisoner sought an order requiring immediate transfer to prerelease custody, and the United States responded that the district court lacked jurisdiction to review the BOP's placement decisions. Id. The case was referred to a magistrate judge, who recommended granting the habeas petition. Id. The United States objected to the report and recommendation, and the district court sustained the objection and dismissed the prisoner's habeas petition without prejudice. Id. 1162–63. The Eighth Circuit affirmed the district court's dismissal. Id. at 1165.

The Eighth Circuit reasoned in Osorio-Calderon that § 3632(d)(4)(C) must be read in conjunction with § 3621(b), which provides that the BOP "shall designate the place of the prisoner's imprisonment," because "Congress enacted the FSA against the backdrop of the BOP's existing placement authority." Id. at 1163; see also 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court."). Relying on its prior decision in United States v. Houck, the Osorio-Calderon court concluded that "[r]esidential reentry centers and home confinement are forms of prerelease custody that constitute places of imprisonment." 179 F.4th at 1163 (citing 2 F.4th 1082, 1085 (8th Cir. 2021)). The Eighth Circuit continued: "The distinction between *where* a prisoner is placed under § 3621(b) and *whether* the prisoner is transferred under § 3632(d)(4)(C) is illusory.

*Whether* to transfer a prisoner necessarily depends on *where* the prisoner might be appropriately placed." Id. at 1164 (emphasis in original) (cleaned up and citations omitted). The Eighth Circuit affirmed the district court's dismissal, concluding that "[a]lthough § 3632(d)(4)(C) directs the BOP to transfer eligible prisoners, it did not supplant the BOP's longstanding discretion under § 3621(b). The BOP's transfer decisions therefore remain constrained by the same statutory factors that govern all designation decisions, including those involving prerelease custody." Id. at 1165 (cleaned up and citation omitted).

In Ground Two, Khayyata seeks immediate transfer to prerelease custody based on the stacking of credits under the FSA and SCA. Based on the Eighth Circuit's decision in Osorio-Calderon, and § 3621(b)'s grant of broad discretion to the BOP in designating a place of imprisonment, this Court cannot grant the relief Khayyata requests in Ground Two. Thus, the Respondent's Objection is sustained, and the Petition is dismissed.

**IV. Certificate of Appealability**

"[A] prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition." Miller-El v. Cockrell, 537 U.S. 322, 335 (2003) (citing 28 U.S.C. § 2253). "Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a [certificate of appealability] from a circuit justice or judge." Id. at 335–36. A certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that demonstrates "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). In light of Osorio-Calderon, Khayyata has not made a substantial showing that his constitutional rights were denied. A certificate of appealability will not issue.

## V. Conclusion

Based on the foregoing, it is

ORDERED that Respondent's Objection to the Magistrate Judge's Report and Recommendation, Doc. 11, is sustained. It is further

ORDERED that the Magistrate Judge's Report and Recommendation, Doc. 10, is adopted as to dismissal of Grounds One and Three but not as to Ground Two. It is further

ORDERED that Respondent's Motion to Dismiss, Doc. 6, is granted, and Khayyata's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, Doc. 1, is dismissed. It is finally

ORDERED no certificate of appealability issues.

DATED this 11th day of September, 2026.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE